IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROSS AARON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CV 04-AR-3178-S |
| ) | |
| JUDGE JAMES HARD, IV, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on January 10, 2005, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed under 28 U.S.C. § 1915A(b)(1) on the grounds that the plaintiff's claims are time barred. The plaintiff filed objections to the report and recommendation on January 18, 2005. He contends that his claims were tolled by the provisions of Alabama law and that his claims did not accrue until he discovered the defendants' alleged fraud in February of 2004. The plaintiff's objections are without merit. The tolling provisions of Alabama Code § 6-2-3 apply to claims for fraud, and it is not clear that those provisions would apply to the constitutional claims presented here. In any event, even if the provisions of § 6-2-3 were applicable, the plaintiff has not shown that he is entitled to their protection. The statute of limitations is tolled only until the plaintiff discovers, *or should have discovered through due diligence*, the facts supporting his claim. *Sellers v. A.H. Robins Co., Inc.*, 715 F.2d 1559

(11th Cir. 1983). In this case, the plaintiff complains of acts that occurred in 1985 and 1986; a time nearly twenty (20) years prior to the November 9, 2004, filing date of the complaint. By his own admission, he was represented by appointed counsel during criminal proceedings at issue; and it is not reasonable to assume that the plaintiff, utilizing due diligence, could not have discovered the facts on which he bases his claim here.

Finally, the expiration of the statute of limitations notwithstanding, the plaintiff's claims would also be barred by the provisions of *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that:

> "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."

*Id.* at 486-487.

In the present case, the claim for damages presented by the plaintiff against these defendants clearly implies the invalidity of his conviction in the Jefferson County Circuit Court in 1986. Since he has failed to show that the conviction or sentence in that case has

been invalidated by one of the ways indicated above, this suit for damages due to be dismissed under the authority of *Heck*.[1]

Thus, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. Accordingly, the complaint is due to be dismissed for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1). A Final Judgment will be entered.

DATED this 4th day of February, 2005.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] In fact, the plaintiff states in his objections that he is "still under the 1986 conviction and sentence." (Doc. #7 at page 2). Additionally, because the plaintiff's claims are due to be dismissed on the grounds indicated herein, the court need not discuss the prosecutorial and judicial immunity in which some, if not all, of these defendants are clothed.